# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

TROY MURPHY                                                                                         PLAINTIFF
ADC #175677

v.                                              4:21-cv-00437-JM-JJV

THOMAS HURST, Warden, ADC; *et al.*                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.      INTRODUCTION**

Troy Murphy ("Plaintiff") is a prisoner in the Tucker Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that in December 2020, Defendants Warden Thomas Hurst and Captain Tyrone Allison subjected him to unconstitutional conditions of confinement by purposefully placing him in an

1

isolation cell with an inmate who had Covid-19.[1]   (Doc. 7.)   According to Plaintiff, Defendants did so to retaliate against him for complaining about Defendant Hurst.  (*Id*.)   Plaintiff has named Defendants in their official capacities only.  (*Id*.)   And he seeks damages as well as injunctive relief.  (*Id*.)

Defendants have filed a Motion to Dismiss arguing they are entitled to dismissal based on the doctrine of sovereign immunity.  (Docs. 12, 13.)   Plaintiff has not filed a Response, and the time to do so has expired.   After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's claims against Defendants Hurst and Allison be DISMISSED without prejudice, and this case be CLOSED.

## II.     RULE 12(B)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.   *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).   If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.   *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).   The court reads the

---

[1]   All other claims and Defendants in the Amended Complaint were previously dismissed without prejudice during screening mandated by 28 U.S.C. § 1915A.   (Doc. 10.)

complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).

### III.  DISCUSSION

Defendants Hurst and Allison argue they are entitled dismissal pursuant to the doctrine of sovereign immunity. I agree. The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities unless the state has waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989*)*; *Kruger v. Nebraska*, 820 F.3d 295, 301(8th Cir. 2016). According to the Amended Complaint, Defendants Hurst and Allison are state officials. And, the State of

Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991); *Hill v. Reed*, No. 20-1100, 2020 WL 4581260 (8th Cir. Aug. 10, 2020) (unpublished opinion). Thus, Defendants Hurst and Allison are entitled to sovereign immunity from Plaintiff's request for monetary damages against them in their official capacities.

In *Ex Parte Young*, 209 U.S. 123 (1908), the United States Supreme Court held sovereign immunity does not apply to a request for <u>injunctive relief</u> against state defendants in their official capacities. *See also Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 357 (8th Cir. 2020); *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). In the Amended Complaint, Plaintiff seeks an injunction requiring the "ADC to better train their officers to stop promoting violence." (Doc. 7 at 9.) However, the *Ex Parte Young* exception to sovereign immunity only applies to "prospective" injunctive relief to remedy "ongoing" constitutional violations. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002); *Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016). It does not apply to injunctive relief to correct "past" constitutional violations. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Entergy, Ark., Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) ("injunctive relief under *Ex Parte Young* cannot be premised on proof of past misconduct by the state"; instead, it is only available "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective"). In other words, to obtain prospective "injunctive relief, a plaintiff must show some substantial likelihood that past conduct alleged to be illegal will recur." *Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989).

In the Amended Complaint, Plaintiff says Defendants put him in an isolation cell with a prisoner who had Covid-19 in <u>December 2020</u>. (Doc. 7.) Plaintiff does <u>not</u> say his cellmate still has Covid-19, that there is otherwise an "ongoing" constitutional violation, or that there is a

4

"substantial likelihood" the events that transpired ten months ago will recur. Thus, the *Ex Parte Young* exception to the sovereign immunity doctrine does not apply. Accordingly, I find Defendants are entitled to sovereign immunity from the claims raised against them in their official capacities, and I recommend the Amended Complaint be dismissed without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion to Dismiss (Doc. 12) be GRANTED, Plaintiff's claims against Defendants Hurst and Allison be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of October 2021.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE